# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MATTHEW BUSH,

    Plaintiff,

-vs-                                                Case No. 8:07-cv-2087-T-24-MAP

RAYTHEON COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss for lack of subject matter jurisdiction (Doc. 23), to which Plaintiff has filed a Response in opposition (Doc. 32).

## INTRODUCTION

Plaintiff Matthew Bush has filed suit against his former employer, Defendant Raytheon. In his three-count Complaint, Plaintiff alleges that (1) Defendant violated the Florida Whistleblower Act by disciplining, demoting, and terminating Plaintiff (Compl., pp. 10–11); (2) Defendant defamed Plaintiff by submitting false and negative reports of Plaintiff's work performance to third parties (id. at 11–12); and (3) Defendant tortiously interfered with Plaintiff's business relationships, causing Plaintiff to lose an offer of employment (id. at 12). This case went to arbitration pursuant to Defendant's employment policy, at the end of which a final award was issued in Defendant's favor. (Id. at 9)

## STANDARD OF REVIEW

When ruling on a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), "the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681, 66 S. Ct. 773, 775, 90 L. Ed. 939 (1946).

## **BACKGROUND**

Plaintiff claims that after he objected to a mishandling of government funds by Defendant, his supervisors gave him poor and false employee performance reviews, concealed and altered his positive reviews, withheld bonuses and pay raises, wrongfully terminated him, caused the recision of an employment offer, and prevented an offer of rehire. (Compl. at 3–9.) Plaintiff's employment with Defendant was terminated on September 8, 2006. (Id. at 9.)

Plaintiff was told by his supervisors that he was obligated to comply with Defendant's arbitration policy in order to address what he felt were retaliatory employment actions. (Id. at 6.) Plaintiff accordingly began arbitration with Defendant in November of 2004. (Id. at 7.) Before employees can bring suit against Defendant, the policy requires employees to first arbitrate their claims and also states:

> The Employee has thirty (30) days from the date of the written award and decision to submit an Employee's Election Not to be Bound form, available from the Human Resources department, thereby rendering the award and decision non-binding.

(Doc. No. 17-4, p. 12.) The policy also states:

> If the Employee exercises his or her right not to be bound by the Arbitrator's Award and decision . . . he or she may pursue available legal redress . . . The Arbitrator's Award and decision is admissible as evidence in any future court or agency proceeding . . . .

(Id.)

On June 15, 2007, the arbitrator issued his final award, favoring Defendant. (Doc. No. 17–3, p. 2.) This Court has found that Plaintiff complied with Defendant's employment policy

-2-

by notifying Defendant within thirty days that Plaintiff intended not to be bound by the arbitration. (Doc. 21.)

Now, Defendant claims that Plaintiff is prevented by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 10–14, from pursuing his case in Federal Court, because a review of arbitration judgments for reasons not listed in the FAA is beyond the Court's subject matter jurisdiction. Plaintiff responds that the review he seeks is not one of the arbitration judgment but of the underlying claims.

## DISCUSSION

Courts only have jurisdiction to review arbitration awards in limited circumstances. 9 U.S.C. §§ 10–11; Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lambros, 1 F. Supp. 2d 1337, 1341 (M.D. Fla. 1998). However, it does not follow that arbitration awards are binding absent the grounds for legal challenge listed in the FAA. Arbitration agreements are like many other contracts, which may generally be structured as parties see fit. TGB Marine, LLC v. Midmight Express Power Boats, Inc., 2008 U.S. Dist. Lexis 66461, *6–7 (S.D. Fla., Aug 20, 2008). As agreed in the employment policy at issue, parties may choose not to be bound at all by arbitration awards and to allow each other to pursue his cause through traditional legal channels. Id., at 8–9. Such an agreement does not conflict with the FAA's limitations on the review of arbitration awards, as the subsequent case before a court would be centered on the underlying claim, not the arbitration award itself.

Here, Plaintiff has asked for a de novo review of his claims, not review of the arbitration award. The arbitration award was not attached to the Complaint, and has only been a point of dispute in this case insofar as Defendant has attempted to use it as a procedural block preventing this litigation. Thus, the FAA is inapposite to this lawsuit.

Plaintiff has properly elected not to be bound by the arbitration award and to pursue his claims through the court system, as allowed under the employment policy agreed to by the parties. Neither the parties' agreement nor the limitations on the Court's jurisdiction imposed by the FAA operate to forestall Plaintiff's petition.

## **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Doc. 23) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of February, 2009.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge