UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW BUSH,

    Plaintiff,

v.                                                                       Case No. 8:07–cv–02087–T–24 AEP

RAYTHEON COMPANY,

    Defendant.
_____/

## **ORDER**

The Court now considers Raytheon Company's motion for attorneys' fees (Doc. 72), which Plaintiff Matthew Bush opposes. (Doc. 83.)

For the reasons explained in this order, the Court awards Raytheon attorneys' fees as the prevailing party in the Florida Whistleblower Act claim, but denies Raytheon attorneys' fees on the other two claims in this case.

## **BACKGROUND**

Plaintiff Matthew Bush filed a three-count complaint against his former employer, Defendant Raytheon, alleging that (1) Raytheon violated the Florida Whistleblower Act by disciplining, demoting, and terminating Bush after Bush objected to Raytheon's improper use of government funds (Compl. at 10–11); (2) Raytheon defamed Bush by submitting false and negative reports of Bush's work performance to a prospective employer and other Raytheon employees (Compl. at 11–12); and (3) Raytheon tortiously interfered with Bush's business relationships, causing Bush to lose an offer of employment. (Compl. at 12.)

1

The allegations in the complaint rested in large part on a record created during a nine-day arbitration hearing that ended before Bush filed this lawsuit. The arbitration proceeding generated more than 4,000 pages of testimony and included almost 200 exhibits, according to Raytheon. Raytheon prevailed at the arbitration, but Bush elected not to be bound by the arbitrator's decision and brought this case in November 2007. (Doc. 21.)

In September 2009, the Court granted summary judgment for Raytheon on all three counts. After entry of judgment, Raytheon moved for attorneys' fees under Florida Statutes § 448.104 and § 57.105.

## ANALYSIS

**I. The Court Exercises Its Discretion to Award Raytheon Attorneys' Fees Under Florida Statute § 448.104 of the Florida Whistleblower Act**

Because the Court adjudicated Bush's state law claims under its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), the Court applies Florida law in determining whether to award attorneys' fees. Jones v. United Space Alliance, LLC, 494 F.3d 1306, 1309-10 (11th Cir. 2007); see also James v. Wash Depot Holdings, Inc., 489 F. Supp. 2d 1336, 1338 (S.D. Fla. 2007).

Florida Statute § 448.104 permits a court to award reasonable attorneys' fees to the prevailing party under the Whistleblower Act. "An award of attorneys fees is not automatic and is left to the discretion of the district court." Bell v. Georgia-Pacific Corp., No. 5:04-cv-50-Oc-10-GRJ, 2005 WL 1618223, at *1 (M.D. Fla. July 6, 2005).

In his response, Bush argues at length that the Court can only award attorneys' fees under § 448.104 if his case was "frivolous, unreasonable, or without foundation" under Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1998). However, Bush cites to cases, including Bell

v. Georgia-Pacific Corporation, that stand for the opposite proposition.[1]  "[T]he Christiansburg standard [does] not apply to § 448.104." James, 489 F. Supp. 2d at 1339.  "[A] prevailing defendant need not show that a plaintiff's case was frivolous in order to recover attorney fees."[2] Id.

Although Florida Statute § 448.104 does not require the Court to consider any factors in deciding whether or not to award attorneys' fees, district courts have been guided by the following five factors: (1) the scope and history of the litigation, including whether Plaintiff continued to prosecute the action despite the presence of an efficient resolution; (2) the parties' wealth disparity; (3) whether an award of fees would frustrate the Florida Whistleblower Act's remedial purpose by deterring worthy claimants; (4) whether the party's case was meritorious or frivolous; and (5) whether the opposing party acted in good or bad faith.[3]  Blanco v.

---

[1] In Bell, the Court stated, "[I]t is not law that a prevailing defendant may only receive attorneys' fees under §448.104 when the plaintiff's case is frivolous." Bell, 2005 WL 1618223 at *1.  However, the court may decline to award attorneys' fees, in part, because a plaintiff's unsuccessful case has some merit.  Id.

[2] "To the extent that this question has been addressed by other courts, they have likewise concluded that the Christiansburg standard is not applicable to fee awards under section 448.104."  New World Commc'ns of Tampa, Inc. v. Akre, 866 So. 2d 1231, 1235 (Fla. 2d DCA 2004) (ruling on attorneys' fee in subsequent 2004 Order Granting Rehearing and Clarification and Denying Rehearing En Banc and Certification) (citing Gamb v. Hilton Hotels Corp., No. 95-466-civ-Orl-19, 1997 WL 893874 (M.D. Fla. Sept. 26, 1997), aff'd, 132 F.3d 46 (11th Cir. 1997); McGregor v. Bd. of County Comm'rs, 130 F.R.D. 464 (S.D. Fla.1990), aff'd, 956 F.2d 1017 (11th Cir.1992)).  See also Stone v. Geico Gen. Ins. Co., No. 8:05-cv-636-T-30 TBM, 2006 WL 3333674, at *3 (M.D. Fla. Nov. 16, 2006) ("The Christiansburg standard is not applicable to fee awards under § 448.104.").

[3] Because the case law under the Florida Whistleblower Act provided little guidance, the district court in Blanco drew its non-exhaustive list of factors from other fee-shifting Florida statutes including the analogous Florida Deceptive and Unfair Trade Practices Act and the Florida Offer of Judgment Act, as well as the Whistleblower Act.  Blanco, 2009 WL 2762361, at *2 nn.4-9.

3

Transatlantic Bank, No. 07-20303-Civ, 2009 WL 2762361, at *2 (S.D. Fla. 2009).  These five factors do not control the Court's decision and do not exhaust all the factors that the Court may consider.

### *1. The Scope and History of the Litigation*

Even though this case could have been efficiently resolved at arbitration, Bush brought this case to federal court, where it persisted for nearly two years.  From the beginning, Bush enjoyed the benefit of an extensive evidentiary record from the nine-day arbitration hearing.  The record should have allowed Bush to quickly realize that the evidence did not support his accusations, and that the Whistleblower Act required him to clearly object to actual violations of the law, which he had not done.  Bush should have realized that his suit would end as the arbitration had.

Bush needlessly dragged out the litigation by forcing Raytheon to defend a tortious interference claim that Bush attempted to drop in his summary judgment response after litigating the claim for two years.  Although the Court cannot award Raytheon attorneys' fees on the tortious interference claim, the Court recognizes that Bush's conduct prolonged the litigation and affected Raytheon's defense of the Whistleblower Act claim.  Since a company—even one as large as Raytheon—does not have an endless supply of lawyers, forcing Raytheon to defend a tortious inference claim burdened its defense of the Florida Whistleblower Act claim.  Bush only dropped the tortious interference claim—presumably because it had no merit—after Raytheon had spent two years and thousands in attorneys' fees defending against the claim.

### *2. The Parties' Wealth Disparity*

The Court recognizes that Raytheon, a multinational corporation with 73,000 employees

worldwide and $23.2 billion in sales in 2008, is far wealthier than Bush, an engineer who represented himself pro se at times during this litigation.[4]

Understandably, courts consider the disparity in wealth between parties to avoid crushing a financially-weak party. Awarding attorneys' fees that impoverish a working-class party might unfairly punish a person for exercising the right to bring a cause to court. However, just as the Court does not seek to unfairly punish a financially-weak party, it does not seek to penalize a defendant who has money either. Denying Raytheon attorneys' fees because of the disparity in wealth would make large corporations a target for frivolous suits by plaintiffs hoping to extract a settlement.

The Court will be mindful of the disparity in wealth when setting reasonable attorneys' fees. However, this factor does not convince the Court that Raytheon should not be awarded any attorneys' fees at all.

### *3. Whether Fees Frustrate the Statute's Remedial Purpose*

"The whistleblower's statute establishes Florida's public policy in favor of promoting the disclosure of wrongdoing and the protection of those who make such disclosure. . . ." Bell, 2005 WL 1618223 at *1. Thus, ordering a litigant to pay a large amount of attorneys' fees "could have an unwarranted 'chilling' affect upon other worthy individual claimants," and frustrate the remedial purpose of the Florida Whistleblower Act. Id.

While this consideration would ordinarily weigh against awarding Raytheon attorneys' fees, in this case it does not. Awarding Raytheon attorneys' fees would not deter *worthy*

---

[4] Raytheon: Our Company, http://www.raytheon.com/ourcompany/ (last visited Dec. 15, 2009).

5

claimants. In fact, awarding attorneys' fees to Raytheon might actually promote the remedial purpose of the Whistleblower Act by discouraging meritless claims. Meritless claims undermine a remedial statute, just as one bad apple can spoil a barrel. When a plaintiff files a meritless claim, he undermines legitimate claims by clogging the courts, wasting private resources, and diminishing the importance of protecting bona fide whistle blowers.

### *4. Whether the Case Was Meritorious or Frivolous*

Bush's claim under the Whistleblower Act lacked merit. However, it was not frivolous. For example, although Bush failed to present evidence that he objected to a violation of a law, rule, or regulation, he did present evidence that he suggested in an ambiguous way that Raytheon's action may have violated a government contract. While Bush may have believed that Raytheon violated the law, he did not present evidence of an actual violation. Thus, the Court does not consider Bush's Whistleblower Act claim to be utterly without foundation.[5]

### *5. Whether the Party Acted in Bad Faith*

While Bush may have acted stubbornly and foolishly by bring this claim, the Court does not find that he acted in bad faith. The Court finds that Bush sincerely, but wrongly, believed the accusations he made against Raytheon.

* * *

Considering these factors and all the circumstances of this case, the Court finds that

---

[5] Although the Court does not reach this issue, the Court would not be as generous in assessing the merits of Bush's other two claims for defamation and tortious inference. Bush offered scant evidence that Raytheon published negative performance reviews about him, and Bush could not show any evidence of express malice to outcome the privilege that protects employee reviews. Similarly, the fact that Bush withdrew his tortious interference claim in his response to Raytheon's summary judgment motion demonstrates how little support existed for it.

Raytheon is entitled to reasonable attorneys' fees under Florida Statute § 448.104 as the prevailing party under the Florida Whistleblower Act claim in count one of the Complaint.

Raytheon also seeks fees under § 448.104 for defending itself from Bush's defamation and tortious interference claim in counts two and three of the Complaint. Raytheon argues that its defense of these two claims was intertwined with its defense of the Whistleblower Act claim. The Court does not agree. Raytheon's attorneys can separate their work on the defamation and tortious inference claims from their work on the Whistleblower Act claim. To the extent that Raytheon is unable to do so, the Court declines to award attorneys' fees for work that did not solely deal with the Whistleblower Act claim.

## II. Raytheon Did Not Comply with the 21-Day Safe Harbor Provision of Florida Statute § 57.105 and Therefore Cannot Be Awarded Attorneys' Fees Under § 57.105

Because Florida Statute § 448.104 only applies to the Whistleblower Act, it cannot support an attorneys' fees award on the other two counts in Bush's complaint. However, Raytheon argues that the Court can award attorneys' fees on all three counts under Florida Statute § 57.105.

Raytheon makes several convincing arguments that it should receive attorneys' fees on the defamation and tortious interference counts under § 57.105, which requires the Court to award attorneys' fees when it finds a claim or defense to be frivolous. However, because Raytheon did not comply with the procedural requirements of the statute, the Court cannot award attorneys' fees under § 57.105.

Florida Statute § 57.105(4) requires a party seeking sanctions under the statute to serve the opposing party with a copy of the motion at least 21days before filing the motion with the court. The Court cannot find any evidence that Raytheon followed this rule. Raytheon did not

state in its motion that it served Bush 21 days before filing its motion, and Bush says that Raytheon did not do so.

Therefore, because Raytheon did not satisfy the safe harbor requirement of § 57.105(4), the statute cannot be a basis for an award of attorneys' fees.[6]

## CONCLUSION

Accordingly, Raytheon's motion for attorneys' fees (Doc. 72) is **GRANTED IN PART** and **DENIED IN PART**.

Raytheon must file a motion by January 16, 2010, specifying in detail the reasonable attorneys' fees it incurred solely in defending against Bush's claim under the Florida Whistleblower Act in count one of the Complaint. The Court will not award Raytheon attorneys' fees for work on its defense of the other two counts in the Complaint.

**DONE AND ORDERED** at Tampa, Florida this 21st day of December, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[6] Because 14 days have passed since the Clerk entered a judgment in this case, Raytheon may not re-file its attorneys' fees motion after complying with § 57.105(4). Fed. R. Civ. P. 54(B)(i).