UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MATTHEW BUSH,**   CASE NO.: 8:07-CV-02087-S.B.-MAP

    **Plaintiff,**

v.

**RAYTHEON COMPANY,**

    **Defendant.**
_____/

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

Plaintiff, Matthew Bush hereby responds in opposition to Defendant's attorney's fee request.

**UNDOCUMENTED CHARGES**

Opposing counsel's time records contains $2,760.00 in undocumented charges not shown in the Attachment to Zinober's Affidavit but requested in Zinober's Affidavit (Exhibit A)

1. Heather Jarrell charged $264 on 11/19/07
2. Shane Munoz charged $75 on 12/3/07
3. Shane Munoz charged $78 on 1/14/08
4. Shane Munoz charged $156 on 2/11/08
5. Gigi Carcamo charged $70 on 2/14/08
6. Shane Munoz charged $195 on 2/29/08
7. Heather Jarrell charged $162 on 2/29/08
8. Gigi Carcamo charged $360 on 5/8/09
9. Peter Zinober charged $53.50 on 5/11/09

      10. Shane Munoz charged $1,079 on 7/11/09

      11. Peter Zinober charged $267.50 on 7/14/09

Accordingly, $2,760.00 should be disallowed due to lack of documentation.

## AMOUNT OF HOURS WHICH ARE EXCESSIVE OR SHOULD NOT BE COMPENSATATED

**A.**    **REMOVAL**

The Court should disallow the entire $3,758.50 for law firm work done on obtaining the removal. This case was originally filed in the Sixth Judicial Circuit in Pinellas County. Apparently, defense counsel searched the docket to find it and removed it without ever being served or contacting undersigned counsel. Counsel's removal pleading was a standard form with only a few particulars concerning this specific case added. Diversity removal is common practice, therefore it is hard to believe any research needed to be done to accomplish it. Had defense counsel contacted the undersigned, I would have agreed to removal and counsel would not have had to charge Raytheon anything. Based upon these facts. The entire amount requested should be disallowed.

**B.**    **SUMMARY JUDGMENT**

Opposing counsel stated in his Motion that the Florida Whistleblower claim in this case was previously presented during a "nine-day arbitration, which generated more than 4,000 pages of testimony and included almost 200 exhibits." That being said, it is incredible they claim it took over 200 hours to prepare the Motion for Summary Judgment. Even at the offered reduction the amount of hours is unsupported. At most, 30 hours should have been expended on the Motion. Counsel is in the process of obtaining an Affidavit to this effect which will be filed

as an amendment to this Response.

**C.   EXPERTS**

Work done procuring an expert should be disallowed because an expert was unnecessary in this case and Plaintiff did not retain an expert. Even had an expert been required, spending over 15 hours of time is excessive.

**D.   MEDIATION**

Attorney Zinober claims payment for 3.2 hours but he did not even attend the Mediation, Nor did Attorney Jarrell attend the mediation yet there is a charge for her hours. Lastly, Attorney Munoz's claim for 17.6 hours is totally unsupported. The mediation did not begin until 1:30 p.m. on June 16, 2009, and ended before 5:00 p.m. There was virtually no preparation required by either party. All of the requested fees for Mediation should be disallowed.

### BILLING RATES ARE EXCESSIVE AND UNREASONABLE

Undersigned counsel approached several employment defense attorneys in an attempt to obtain an Affidavit regarding defense billing rates but all declined to do so. However, according to The National Law Journal's 2009 survey of billing rates of 190 of the nation's largest law firms (Exhibit B), average firm wide billing rates only increased by **2.5** percent in 2009, **4.3** percent rise in 2008 and a **7.7** percent increase in 2007. Nationwide, the average hourly billing rate for partners was $457 in 2009, up from $451 in 2008. For associates, the average rate was $287, an increase from $282 last year.

This is in stark contrast to Raytheon's attorney's billing rates. Zinober's rate increased **39%** from $385 in 2007 to $535 in 2009. Munoz's rate increased **66%** from $250 in 2007 to $415 in 2009. Jarrell's rate increased **27%** from $240 in 2007 to $305 in 2009. Clearly

Raytheon's attorneys' fees and increases are well beyond the nation average, and are excessive and unreasonable.

### THERE IS NO EVIDENCE IN THE RECORD THAT THESE RATES WERE ACTUALLY PAID BY RAYTHEON

In order to substantiate the fees paid by Raytheon, defense counsel should have submitted documents showing the actual bills to Raytheon and evidence that these bills were paid. Accordingly, there is insufficient evidence that Raytheon **actually paid** these amounts.

### BUSH IS UNABLE TO PAY ATTORNEY'S FEES

Bush further requests that Defendant fees be reduced based on his inability to pay based upon his Affidavit (Exhibit C).   The fees requested amount to more than what Bush earns in a year.  Fees should be used to force a plaintiff into financial ruin.

**WHEREFORE**, Defendant's Motion for Attorney's Fees should be reduced from the amount requested taking into consideration the facts in this Response.

### CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2010, I electronically filed this document with the Clerk of the Court by using the CM/ECF system which will send Notice of this electronic filing to opposing counsel.

> s/ Bonita M. Riggens
> Law Office of Bonita M. Riggens
> 669 1st Ave. N.
> St. Petersburg, FL 33701
> Phone: 727-898-1401
> Fax:    727-823-7351
> briggens@mindspring.com
> FBN #400424
> Attorney for Plaintiff