UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW BUSH,

        Plaintiff,

v.                                              Case No.  8:07-cv-2087-T-24 AEP

RAYTHEON COMPANY,

        Defendant.

_____/

## **ORDER**

This cause comes before the Court on Plaintiff Matthew Bush's ("Bush") Rule 60 Motion

for Relief.  (Doc. No. 102).  Defendant Raytheon Company ("Raytheon") opposes this motion.

(Doc. No. 105).

I.     **Background**

On November 5, 2007, Bush filed a three-count complaint against his former employer,

Raytheon, alleging that (1) Raytheon violated the Florida Whistleblower Act ("FWA") by

disciplining, demoting, and then firing Bush after he objected to Raytheon's improper use of

government funds; (2) Raytheon defamed Bush by submitting false reports of his work

performance to a prospective employer and other Raytheon employees; and (3) Raytheon

tortiously interfered with Bush's business relationships, causing Bush to lose an offer of

employment.  (Doc. No. 2).[1]  In September of 2009, this Court granted summary judgment for

---

[1]Prior to the filing of the complaint, Bush and Raytheon went through arbitration
pursuant to Raytheon's employment policy.  The arbitration resulted in a final award issued in
Raytheon's favor.  However, Bush elected not to be bound by the arbitrator's decision and filed
the Complaint against Raytheon in state court.  Raytheon removed the case to federal court on
November 14, 2007.  (Doc. No. 1).

Raytheon on all three counts of the complaint.[2]  (Doc. No. 68).  In May of 2010, the Court

granted Raytheon's motions for attorneys' fees and costs, and awarded Raytheon $42,358.68 in

attorneys' fees and $20,253.47 in costs.  (Doc. No. 96 & 97).  On December 23, 2010, Bush filed

the instant motion.  (Doc. No. 102).

## II.     Discussion

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Bush, proceeding pro se,

moves this Court to grant relief from the Court's orders granting Raytheon costs and attorneys'

fees (Docs. No. 96 & 97) and any other relief the Court finds equitable, including

reconsideration of the Court's summary judgment order (Doc. No. 68) in favor of Raytheon.

Raytheon filed a response in opposition to the instant motion, which included a request that Bush

pay Raytheon's attorneys' fees and costs incurred in responding to the motion.  (Doc. No. 105).

Upon review of the instant motion and response, the Court finds that Bush is not entitled to relief

pursuant to Rule 60(b).

### A.     Bush's Rule 60(b) Motion

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Bush moves the Court to

grant relief from its orders awarding attorneys' fees and costs to Raytheon and any other relief

this Court finds equitable.  However, the motion does not address the award of attorneys' fees

and costs but instead focuses on the merits of the case.  Bush uses his Rule 60(b) motion to

reargue his opposition to Raytheon's summary judgment.

Pursuant to Rule 60(b)(3), Bush contends that he should be relieved from the Court's

---

[2]On April 12, 2010, the Eleventh Circuit affirmed the Court's summary judgment
decision.  *Bush v. Raytheon Co.*, 2010 WL 1427611 (11th Cir. 2010).

orders granting attorneys' fees, costs, and summary judgment to Raytheon because Raytheon's motion for summary judgment (Doc. No. 43) and motion to strike Bush's response in opposition to Raytheon's motion for summary judgment (Doc. No. 64) "are riddled with false, fraudulent and conflicting testimony."  (Doc. No. 102 at 4, 14-19).  Also pursuant to Rule 60(b)(3), Bush argues that Raytheon, in its motions for summary judgment and to strike Bush's response in opposition to the motion for summary judgment, mis-characterized facts regarding Bush's employment, Raytheon's policies, and Bush's case against Raytheon.  *Id.* at 20-22.

In support of his Rule 60(b)(1) argument, Bush states that his former attorney, Bonita Riggins, made mistakes in her preparation of Bush's response in opposition to Raytheon's motion for summary judgment.  *Id.* at 4.  Additionally, although the Court cannot discern which portion of Rule 60(b) that Bush is trying to invoke, Bush argues that he should be granted relief from the Court's orders on attorneys' fees, costs, and summary judgment because (1) Ms. Riggins misadvised him as to his ability to file a post-judgment motion for reconsideration, (2) the Court granted Raytheon's motion for summary judgment before Bush had filed his response to Raytheon's motion to strike his response in opposition to the motion for summary judgment, and (3) Bush's case had merit.[3]  *Id.* at 5.

In response to Bush's motion, Raytheon argues that Bush's request for relief from the Court's order granting summary judgment for Raytheon should be denied because (1) relief under Rule 60 is not available after a court of appeals has affirmed the decision at issue and (2) the motion as it pertains to the Court's summary judgment order is untimely as it was filed more

---

[3]Bush uses sixteen pages of his twenty-five page motion re-arguing the merits of his case against Raytheon.  (Doc. No. 102 at 5-14, 23-24).

3

than fifteen months after the Court entered summary judgment.  (Doc. No. 105 at 4).  Next, Raytheon argues that Bush's request for relief from the Court's orders on attorneys' fees and costs should be denied because Bush does not allege any fraud, mistake, or misrepresentation in connection with the orders awarding attorneys' fees and costs; rather, "[Bush] simply reargues the merits of his case."  *Id.* at 7.

Raytheon is correct in its argument that Bush's Rule 60(b) motion, as it pertains to the Court's summary judgment order, is untimely.  According to Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[4]  Fed. R. Civ. P. Rule 60(c)(1).  This Court entered its order granting Raytheon summary judgment on September 8, 2009, and Bush did not file the instant motion until December 23, 2010—more than three months after Rule 60(c)(1)'s one-year deadline.[5]  Accordingly, the Court finds the instant motion, as it pertains to the Court's summary judgment order, is untimely.

The Court also agrees with Raytheon's argument that Bush's request for relief from the Court's orders on attorneys' fees and costs should be denied.  Upon review of the motion, the Court finds that Bush makes no connection between his allegations of mistake, fraud, and misrepresentation and the Court's orders granting attorneys' fees and costs to Raytheon.  As

---

[4]In the instant motion, Bush requests the Court enter relief pursuant to Rule 60(b)(1) and (3).  (Doc. No. 102 at 4).  Bush does not argue that he should be granted relief pursuant to Rule 60(b)(4), (5), or (6).

[5]The fact that Bush appealed the Court's summary judgment order to the Eleventh Circuit does not change the timeliness analysis because the Eleventh Circuit affirmed the summary judgment order (Doc. No. 98).  *See Transit Cas. Co. v. Security Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971) (holding that if an appeal does not result in a substantive change to the appealed order, "such appeal does not toll the time for making a 60(b) motion").

stated above, Bush sets forth many arguments as to why he should be afforded relief under Rule 60(b), but every argument pertains to the merits of his case.

"A motion for Relief under Rule 60(b) must be shaped to the specific grounds for modification or reversal enumerated in the Rule, and it may not be a mere general plea for relief." *Wendy's Int'l., Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 687 (M.D. Fla. 1996) (citations omitted).  The Eleventh Circuit has stated,

> Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case.  Rather, the aim of Rule 60(b) [is] to allow a district court to grant relief when its judgment rests upon a defective foundation.

*Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1291-92 (11th Cir. 2004).  The instant motion is an attempt to relitigate the merits of the case.  Bush's alleged bases for relief are in no way connected to the Court's orders on attorneys' fees and costs; rather, he simply reiterates arguments he made to this Court in his opposition to Raytheon's motion for summary judgment and arguments he made to the Eleventh Circuit in his appeal of this Court's summary judgment order.  *See* (Doc. No. 60; Doc. No. 105, Exhs. B & C).  Accordingly, the Court denies Bush's motion for relief from the Court's orders awarding attorneys' fees and costs to Raytheon.

### B.    Raytheon's Request for Attorneys' Fees

Raytheon argues that "[b]ecause Bush has unnecessarily multiplied these proceedings through the vexatious and unnecessary filing of his Rule 60 Motion," the Court should enter an order directing Bush to pay Raytheon the attorneys' fees and costs incurred in responding to the instant motion, pursuant to 28 U.S.C. § 1927 and the Court's inherent powers.  The Court finds that Bush has multiplied the proceedings with his frivolous Rule 60(b) motion; however, Raytheon has not shown, and Court does not find, that Bush acted in bad faith in the filing of the

instant motion.  Accordingly, the Court declines the request to award attorneys' fees and costs incurred in responding to this motion.

**III.     Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Bush's Rule 60 Motion for Relief (Doc. No. 102) is DENIED;

(2)     Raytheon's request for additional attorneys' fees and costs incurred in responding to this motion (Doc. No. 105 at 7-8) is DENIED; and

(3)     Bush's Motion to Strike Defendant's Memorandum in Opposition to Plaintiff's Rule 60 Motion (Doc. No. 106) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of April, 2011.

Copies to:
Counsel of Record
Pro Se Plaintiff

SUSAN C. BUCKLEW
United States District Judge